UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MICHAEL WILKES

    Petitioner,

v.                                                CASE NO.  8:16-cv-1729-T-24TGW
                                                                          8:11-cr-309-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

    Petitioner Joshua Michael Wilkes, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 24, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response. Petitioner filed a notice of supplemental authority regarding the United States' reply. After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

    Petitioner pled guilty to armed robbery in violation of 18 U.S.C. § 1951(a) (count two), and two counts of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (count three and count five). The underlying offenses for the § 924(c) counts were the armed robbery of a CVS pharmacy (count two) and carjacking (count four). The Court sentenced

Petitioner to a term of imprisonment of 535 months on January 4, 2012.  Petitioner did not file a direct appeal.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(3)(B), is also unconstitutionally vague, and his sentence should be set aside.  Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than one year, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c).

In addition to being dismissed as untimely, Petitioner's motion should also be denied because Petitioner's convictions under § 924(c)(1)(A) are valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of Johnson. Petitioner's § 924(c)(1)(A) convictions in counts three and five are based on armed robbery in violation of 18 U.S.C. § 1951(a) charged in count two and armed carjacking in violation of 18 U.S.C.§ 2119 charged in count four of the same indictment. Robbery constitutes a crime of violence under the use, attempted use, or threatened use of force clause of § 924(c)(3)(A), not the residual clause in §924(c)(3)(B). See In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016) ("In sum, Saint Fleur pled guilty to using, carrying, and discharging a firearm during the Hobbs Act robbery set forth in Count 4, which robbery offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A). This means Saint Fleur's sentence would be valid even if Johnson makes the § 924(c)(3)(B) residual clause unconstitutional.").

The Court also finds the armed carjacking charged in count four qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause. In the case of In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016), the Eleventh Circuit found a conviction for armed bank robbery under 18 U.S.C. § 2113(a) meets the requirement for an underlying violent felony offense for purposes of § 924(c)(3)(A). The language of 18 U.S.C.§ 2113(a), armed bank robbery, which was examined in In Re Hines, (taking "by force and violence or by intimidation") is the same language used in the carjacking statute, 18 U.S.C. § 2119. (takes "by force and violence

or by intimidation"). Therefore, armed carjacking is a crime of violence, and <u>Johnson</u> simply does not apply.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 7) s **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 100) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 21, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge