UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MICHAEL WILKES

    Petitioner,

v.                                  CASE NO.  8:16-cv-1729-T-24TGW
                                               8:11-cr-309-T-24TGW
UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner Joshua Michael Wilkes, represented by counsel, filed an Application for Certificate of Appealability. (Doc. 21). Upon consideration of Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 as well as Petitioner's underlying criminal case, Petitioner's Application is denied because Petitioner has not made a showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

Petitioner seeks to extend the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), to 18 U.S.C. § 924(c) on collateral review. Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction because Johnson did not address the statute under which Petitioner was convicted. The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c). However, even if

reasonable jurists could find it debatable under Slack v. McDaniel, 529 U.S. 473, 478 (2000), as to whether Johnson extends to the residual clause under 18 U.S.C. § 924(c), Petitioner's convictions for a Hobbs Act robbery and armed carjacking qualify as crimes of violence under § 924(c)'s force clause. See In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016); In re Smith 829 F.3d 1276 (11th Cir. 2016).

**ACCORDINGLY**, for the reasons expressed, Petitioner's Application for Certificate of Appealability is denied.

**DONE AND ORDERED** at Tampa, Florida, on February 3, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record